1  BILAL A. ESSAYLI
   Acting United States Attorney
2  CHRISTINA T. SHAY
   Assistant United States Attorney
3  Chief, Criminal Division
   THI HOANG HO (Cal. Bar No. 293978)
4  Assistant United States Attorney
   General Crimes Section
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-0596
7        Facsimile: (213) 894-0141
         E-mail:    Thi.Ho@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. 2:24-cr-00734-SVW-3

14            Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                       FELIPE DEJESUS ORTIZ
15                 v.

16  FELIPE DEJESUS ORTIZ,
       aka "Flip,"
17     aka "Felipe Ramos Ortiz Sr.,"
       aka "Felipe DeJesus Ortiz
18       Anaya,"

19            Defendant.

20

21       1.   This constitutes the plea agreement between Felipe DeJesus

22  Ortiz ("defendant") and the United States Attorney's Office for the

23  Central District of California (the "USAO") in the above-captioned

24  case.  This agreement is limited to the USAO and cannot bind any

25  other federal, state, local, or foreign prosecuting, enforcement,

26  administrative, or regulatory authorities.

27  //

28  //


7/14/25

1            DEFENDANT'S OBLIGATIONS

2      2.    Defendant agrees to:

3            a.    At the earliest opportunity requested by the USAO and

4   provided by the Court, appear and plead guilty to counts eleven and

5   twelve of the indictment in United States v. Felipe DeJesus Ortiz,

6   No. 2:24-cr-00734-SVW-3, which each charge defendant with being a

7   felon in possession of firearms and ammunition, in violation of 18

8   U.S.C. § 922(g)(1).

9            b.    Not contest facts agreed to in this agreement.

10           c.    Abide by all agreements regarding sentencing contained

11  in this agreement.

12           d.    Appear for all court appearances, surrender as ordered

13  for service of sentence, obey all conditions of any bond, and obey

14  any other ongoing court order in this matter.

15           e.    Not commit any crime; however, offenses that would be

16  excluded for sentencing purposes under United States Sentencing

17  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

18  within the scope of this agreement.

19           f.    Be truthful at all times with the United States

20  Probation and Pretrial Services Office and the Court.

21           g.    Pay the applicable special assessments at or before

22  the time of sentencing unless defendant has demonstrated a lack of

23  ability to pay such assessments.

24            THE USAO'S OBLIGATIONS

25     3.    The USAO agrees to:

26           a.    Not contest facts agreed to in this agreement.

27           b.    Abide by all agreements regarding sentencing contained

28  in this agreement.

1          c.    At the time of sentencing, move to dismiss the

2    remaining counts of the indictment as against defendant.  Defendant

3    agrees, however, that at the time of sentencing the Court may

4    consider any dismissed charges in determining the applicable

5    Sentencing Guidelines range, the propriety and extent of any

6    departure from that range, and the sentence to be imposed.  Defendant

7    further agrees that he may be treated as if he had been convicted of

8    the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless

9    of whether the factual basis below would be sufficient to satisfy all

10   elements of each charge.  Defendant waives the right to challenge the

11   sufficiency of the factual basis as to any element of any dismissed

12   charge.

13          d.    At the time of sentencing, provided that defendant

14   demonstrates an acceptance of responsibility for the offense up to

15   and including the time of sentencing, recommend a two-level reduction

16   in the applicable Sentencing Guidelines offense level, pursuant to

17   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

18   additional one-level reduction if available under that section.

19          e.    At the time of sentencing, recommend that any sentence

20   imposed in this case run concurrently to the sentence imposed in

21   People of the State of California v. FelipeDeJesus Ortiza, in the

22   Superior Court for the State of California, County of Santa Barbara,

23   Case No. 24F07975 on November 6, 2024.

24                        NATURE OF THE OFFENSE

25      4.    Defendant understands that for defendant to be guilty of

26   the crime charged in count eleven, that is, felon in possession of

27   firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), the

28   following must be true: (1) defendant knowingly possessed ammunition;

3

1   (2) the ammunition had been shipped or transported from one state to

2   another or between a foreign nation and the United States; (3) at the

3   time defendant possessed the ammunition, defendant had been convicted

4   of a crime punishable by imprisonment for a term exceeding one year;

5   and (4) at the time defendant possessed the ammunition, defendant

6   knew he had been convicted of a crime punishable by imprisonment for

7   a term exceeding one year.

8                                  PENALTIES

9        5.   Defendant understands that the statutory maximum sentence

10  that the Court can impose for a violation of 18 U.S.C. § 922(g)(1)

11  is: 15 years' imprisonment; a three-year period of supervised

12  release; a fine of $250,000 or twice the gross gain or gross loss

13  resulting from the offense, whichever is greatest; and a mandatory

14  special assessment of $100.

15       6.   Defendant understands that supervised release is a period

16  of time following imprisonment during which defendant will be subject

17  to various restrictions and requirements.  Defendant understands that

18  if defendant violates one or more of the conditions of any supervised

19  release imposed, defendant may be returned to prison for all or part

20  of the term of supervised release authorized by statute for the

21  offense that resulted in the term of supervised release, which could

22  result in defendant serving a total term of imprisonment greater than

23  the statutory maximum stated above.

24       7.   Defendant understands that, by pleading guilty, defendant

25  may be giving up valuable government benefits and valuable civic

26  rights, such as the right to vote, the right to possess a firearm,

27  the right to hold office, and the right to serve on a jury.

28  Defendant understands that he is pleading guilty to a felony and that

                                    4

1  it is a federal crime for a convicted felon to possess a firearm or

2  ammunition.  Defendant understands that the conviction in this case

3  may also subject defendant to various other collateral consequences,

4  including but not limited to revocation of probation, parole, or

5  supervised release in another case and suspension or revocation of a

6  professional license.  Defendant understands that unanticipated

7  collateral consequences will not serve as grounds to withdraw

8  defendant's guilty plea.

9      8.    Defendant and his counsel have discussed the fact that, and

10  defendant understands that, if defendant is not a United States

11  citizen, the conviction in this case makes it practically inevitable

12  and a virtual certainty that defendant will be removed or deported

13  from the United States.  Defendant may also be denied United States

14  citizenship and admission to the United States in the future.

15  Defendant understands that while there may be arguments that

16  defendant can raise in immigration proceedings to avoid or delay

17  removal, removal is presumptively mandatory and a virtual certainty

18  in this case.  Defendant further understands that removal and

19  immigration consequences are the subject of a separate proceeding and

20  that no one, including his attorney or the Court, can predict to an

21  absolute certainty the effect of his conviction on his immigration

22  status.  Defendant nevertheless affirms that he wants to plead guilty

23  regardless of any immigration consequences that his plea may entail,

24  even if the consequence is automatic removal from the United States.

25                          FACTUAL BASIS

26      9.    Defendant admits that defendant is, in fact, guilty of the

27  offense to which defendant is agreeing to plead guilty.  Defendant

28  and the USAO agree to the statement of facts provided below and agree

1  that this statement of facts is sufficient to support pleas of guilty

2  to the charges described in this agreement and to establish the

3  Sentencing Guidelines factors set forth in paragraph 11 below but is

4  not meant to be a complete recitation of all facts relevant to the

5  underlying criminal conduct or all facts known to either party that

6  relate to that conduct.

7       On or about September 3, 2024, in Santa Barbara County, within

8  the Central District of California, defendant knowingly possessed the

9  following firearms and ammunition, each in and affecting interstate

10  and foreign commerce: (1) a Mossberg MMR, 7.62x39mm caliber short-

11  barreled rifle, bearing serial number MMR34235A; (2) a Ruger Mini-14,

12  .223 caliber rifle, bearing serial number 184-59988; and (3) five

13  rounds of Federal Premium Ammunition .223 caliber ammunition.

14  Specifically, on that date, defendant and one of his co-defendants

15  sold the aforementioned firearms and ammunition to a confidential

16  informant ("CI") and undercover agent ("UC"), following discussions

17  between the parties regarding the sale of firearms.

18       Additionally, on or about September 12, 2024, in Santa Barbara

19  County, within the Central District of California, defendant

20  knowingly possessed the following firearms and ammunition, each in

21  and affecting interstate and foreign commerce: (1) a ROMARM/CUGIR

22  WASR-10, 7.62x39mm caliber rifle, bearing serial number 1973ER3824;

23  (2) a Kimber Stainless LW .45ACP caliber pistol, bearing serial

24  number K672194; and (3) three rounds of Tula Cartridge Works

25  7.62x39mm caliber ammunition.  Specifically, defendant and one of his

26  co-defendants sold these firearms to the CI and UC at a retail

27  storage facility in Santa Maria, California.

28

6

At the time defendant possessed the foregoing firearms and ammunition, the firearms and ammunition had been manufactured outside the state of California and therefore had been shipped or transported in foreign or interstate commerce to California for defendant to possess them in the Central District of California.

At the time of defendant's knowing possession of the firearms ammunition on September 3 and 12, 2024, defendant also knew that he had previously been convicted of the following felonies, each punishable by a term of imprisonment exceeding one year:

1) Evading an Officer with Willful Disregard, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Santa Barbara, Case No. 18CR03151, on or about September 27, 2018; and

2) Carrying a Loaded Firearm in a Vehicle by a Felon, in violation of California Penal Code Section 25850(c)(1), in the Superior Court for the State of California, County of Santa Barbara, Case No. 21CR08468, on or about February 9, 2022.

Defendant therefore knew he was prohibited from possessing the firearms and ammunition.  Furthermore, at all relevant times, defendant was not, nor has he ever been, a federally licensed firearms dealer and/or manufacturer.

SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have

7

any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of

conviction.

11.  Defendant and the USAO agree to the following applicable

Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2K2.1(a)(4)(B) |
| Specific Offense Characteristics: | | |
| - 3-7 Firearms | +2 | U.S.S.G. § 2K2.1(b)(1)(A) |
| - Stolen Firearm | +2 | U.S.S.G. § 2K2.1(b)(4) |

Defendant and the USAO reserve the right to argue that additional

specific offense characteristics, adjustments, and departures under

the Sentencing Guidelines are appropriate.  Defendant understands

that defendant's offense level could be increased if defendant is a

career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's

offense level is so altered, defendant and the USAO will not be bound

by the agreement to Sentencing Guideline factors set forth above.

12.  Defendant understands that there is no agreement as to

defendant's criminal history or criminal history category.

13.  Defendant and the USAO reserve the right to argue for a

sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

(a)(2), (a)(3), (a)(6), and (a)(7).

8

## WAIVER OF CONSTITUTIONAL RIGHTS

14.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –- and if necessary have the Court appoint counsel –- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

    f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's convictions on the offense to which defendant is

2  pleading guilty.  Defendant understands that this waiver includes,

3  but is not limited to, arguments that the statute to which defendant

4  is pleading guilty is unconstitutional, and any and all claims that

5  the statement of facts provided herein is insufficient to support

6  defendant's pleas of guilty.

7                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8        16.  Defendant agrees that, provided the Court imposes a total

9  term of imprisonment on all counts of conviction within or below the

10 range corresponding to an offense level of 21 and the criminal

11 history calculated by the Court, defendant gives up the right to

12 appeal all of the following: (a) the procedures and calculations used

13 to determine and impose any portion of the sentence; (b) the term of

14 imprisonment imposed by the Court; (c) the fine imposed by the Court,

15 provided it is within the statutory maximum; (d) to the extent

16 permitted by law, the constitutionality or legality of defendant's

17 sentence, provided it is within the statutory maximum; (e) the term

18 of probation or supervised release imposed by the Court, provided it

19 is within the statutory maximum; and (f) any of the following

20 conditions of probation or supervised release imposed by the Court:

21 the conditions set forth in Second Amended General Order 20-04 of

22 this Court; the drug testing conditions mandated by 18 U.S.C.

23 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

24 authorized by 18 U.S.C. § 3563(b)(7).

25       17.  The USAO agrees that, provided (a) all portions of the

26 sentence are at or below the statutory maximum specified above and

27 (b) the Court imposes a term of imprisonment within or below the

28 range corresponding to an offense level of 21 and the criminal

                                      10

1    history calculated by the Court, the USAO gives up its right to

2    appeal any portion of the sentence.

3    WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

4       18.  Defendant agrees that: (i) any statements made by

5    defendant, under oath, at the guilty plea hearing; (ii) the agreed to

6    factual basis statement in this agreement; and (iii) any evidence

7    derived from such statements, shall be admissible against defendant

8    in any action against defendant, and defendant waives and gives up

9    any claim under the United States Constitution, any statute, Rule 410

10   of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

11   Criminal Procedure, or any other federal rule, that the statements or

12   any evidence derived from the statements should be suppressed or are

13   inadmissible.

14      19.  Defendant further agrees that this paragraph of the

15   agreement is severable.  Thus, defendant's waivers are binding and

16   effective even if, subsequent to defendant's signing this agreement,

17   defendant declines to plead guilty, the Court declines to accept his

18   guilty plea, or, if this agreement is of the type described in

19   Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the

20   Court rejects this agreement.  Defendant also agrees that his waivers

21   are binding and effective even if some other portion of this

22   agreement is found to be invalid by this Court or the Ninth Circuit.

23   RESULT OF WITHDRAWAL OF GUILTY PLEA

24      20.  Defendant agrees that if, after entering guilty pleas

25   pursuant to this agreement, defendant seeks to withdraw and succeeds

26   in withdrawing defendant's guilty pleas on any basis other than a

27   claim and finding that entry into this plea agreement was

28   involuntary, then (a) the USAO will be relieved of all of its

11

1    obligations under this agreement; and (b) should the USAO choose to

2    pursue any charge that was either dismissed or not filed as a result

3    of this agreement, then (i) any applicable statute of limitations

4    will be tolled between the date of defendant's signing of this

5    agreement and the filing commencing any such action; and

6    (ii) defendant waives and gives up all defenses based on the statute

7    of limitations, any claim of pre-indictment delay, or any speedy

8    trial claim with respect to any such action, except to the extent

9    that such defenses existed as of the date of defendant's signing this

10   agreement.

11                    EFFECTIVE DATE OF AGREEMENT

12        21.   This agreement is effective upon signature and execution of

13   all required certifications by defendant, defendant's counsel, and an

14   Assistant United States Attorney.

15                       BREACH OF AGREEMENT

16        22.   Defendant agrees that if defendant, at any time after the

17   signature of this agreement and execution of all required

18   certifications by defendant, defendant's counsel, and an Assistant

19   United States Attorney, knowingly violates or fails to perform any of

20   defendant's obligations under this agreement ("a breach"), the USAO

21   may declare this agreement breached.  All of defendant's obligations

22   are material, a single breach of this agreement is sufficient for the

23   USAO to declare a breach, and defendant shall not be deemed to have

24   cured a breach without the express agreement of the USAO in writing.

25   If the USAO declares this agreement breached, and the Court finds

26   such a breach to have occurred, then: (a) if defendant has previously

27   entered guilty pleas pursuant to this agreement, defendant will not

28

                                   12

1  be able to withdraw the guilty pleas, and (b) the USAO will be

2  relieved of all its obligations under this agreement.

3      23.  Following the Court's finding of a knowing breach of this

4  agreement by defendant, should the USAO choose to pursue any charge

5  that was either dismissed or not filed as a result of this agreement,

6  then:

7          a.  Defendant agrees that any applicable statute of

8  limitations is tolled between the date of defendant's signing of this

9  agreement and the filing commencing any such action.

10         b.  Defendant waives and gives up all defenses based on

11 the statute of limitations, any claim of pre-indictment delay, or any

12 speedy trial claim with respect to any such action, except to the

13 extent that such defenses existed as of the date of defendant's

14 signing this agreement.

15         COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

16                       OFFICE NOT PARTIES

17     24.  Defendant understands that the Court and the United States

18 Probation and Pretrial Services Office are not parties to this

19 agreement and need not accept any of the USAO's sentencing

20 recommendations or the parties' agreements to facts or sentencing

21 factors.

22     25.  Defendant understands that both defendant and the USAO are

23 free to: (a) supplement the facts by supplying relevant information

24 to the United States Probation and Pretrial Services Office and the

25 Court, (b) correct any and all factual misstatements relating to the

26 Court's Sentencing Guidelines calculations and determination of

27 sentence, and (c) argue on appeal and collateral review that the

28 Court's Sentencing Guidelines calculations and the sentence it

                            13

1    chooses to impose are not error, although each party agrees to

2    maintain its view that the calculations in paragraph 11 are

3    consistent with the facts of this case.  While this paragraph permits

4    both the USAO and defendant to submit full and complete factual

5    information to the United States Probation and Pretrial Services

6    Office and the Court, even if that factual information may be viewed

7    as inconsistent with the facts agreed to in this agreement, this

8    paragraph does not affect defendant's and the USAO's obligations not

9    to contest the facts agreed to in this agreement.

10        26.  Defendant understands that even if the Court ignores any

11    sentencing recommendation, finds facts or reaches conclusions

12    different from those agreed to, and/or imposes any sentence up to the

13    maximum established by statute, defendant cannot, for that reason,

14    withdraw defendant's guilty pleas, and defendant will remain bound to

15    fulfill all defendant's obligations under this agreement.  Defendant

16    understands that no one -- not the prosecutor, defendant's attorney,

17    or the Court -- can make a binding prediction or promise regarding

18    the sentence defendant will receive, except that it will be within

19    the statutory maximum.

                        NO ADDITIONAL AGREEMENTS

21        27.  Defendant understands that, except as set forth herein,

22    there are no promises, understandings, or agreements between the USAO

23    and defendant or defendant's attorney, and that no additional

24    promise, understanding, or agreement may be entered into unless in a

25    writing signed by all parties or on the record in court.

26    //

27    //

28    //

14

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

    28.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney

_____      August 12, 2025
THI HOANG HO                           Date
Assistant United States Attorney

_____      8.12.25
FELIPE DEJESUS ORTIZ               Date
Defendant

_____      08/12/2025
VITALY B. SIGAL                       Date
Attorney for Defendant
FELIPE DEJESUS ORTIZ

15

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

FELIPE DEJESUS ORTIZ
Defendant

8·12·25
Date

16

1              CERTIFICATION OF DEFENDANT'S ATTORNEY

2        I am FELIPE DEJESUS ORTIZ's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of his rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  guilty pleas pursuant to this agreement.

16  *Vitaly B Sigal*                          08/12/2025

17  VITALY B. SIGAL                           Date
    Attorney for Defendant
18  FELIPE DEJESUS ORTIZ

19

20

21

22

23

24

25

26

27

28

                              17